FILED
SUPERIOR COURT
OF GUAM

2014 APR 11. PM 3: 29

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF115-11 |
| | ) |
| v. | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW |
| | ) (Restitution) |
| LEE JOHN BLAS, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 16, 2013 for further proceedings. Assistant Attorney General Gabrielle Rossi represented the People of Guam ("the People"). Lee John Blas ("Defendant") appeared with his counsel, Jeffrey A. Moots, Esq. Upon confirmation that all documents related to restitution had been filed, the Court took the matter under advisement. Now, taking all evidence and arguments into consideration, the Court issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. Defendant was indicted by a Superior Court of Guam Grand Jury on March 4, 2011. Defendant was charged with Burglary (as a 2nd Degree Felony) and Theft of Property (as a 3rd Degree Felony). *Indictment* (Mar. 4, 2011).

2. The charges filed against Defendant arise from events taking place on or about June 14, 2010, committed against Dianne S.A. Bell. It is alleged that Defendant entered the habitable property of Ms. Bell, located in Ordot, with intent to commit the crime of theft therein, at a time

when the premises were neither open to the public nor the Defendant licensed or privileged to so enter. It is also alleged that Defendant did assist Daniel Fejerang in unlawfully taking, obtaining and exercising unlawful control over the movable property of Dianne S.A. Bell with intent to deprive Dianne S.A. Bell thereof, the amount involved being less than $1,500, but exceeding $500.00. *Indictment* (Mar. 4, 2011).

3. On March 6, 2013, Defendant entered a Plea Agreement. Defendant voluntarily, and without coercion or promises apart from his Plea Agreement, agreed to enter a guilty plea to an indictment filed by the prosecutor containing the charge of Theft by Receiving Stolen Property (as a 3*rd* Degree Felony). *Plea Agreement* at ¶ 2 (Mar. 6, 2013).

4. In accordance with the Plea Agreement, Defendant acknowledged that he "shall be held jointly and severally liable to the victim, Dianne S.A. Bell, pursuant to 9 GCA §80.50(e)" for restitution. *Plea Agreement* at ¶ 8(c) (Mar. 6, 2013).

5. Judgment was entered on November 8, 2013. The Judgment also incorporates the restitution provision in the Plea Agreement. *See Judgment* at ¶ C (Nov. 8, 2013).

6. The People submitted a restitution summary requesting restitution in the amount $96,481.00. *Submission of Restitution Summary* (Mar. 11, 2013).

7. On August 22, 2013, a Restitution Hearing[1] took place relative to Defendant Blas along with Derrick White with respect to CF30-11 and Daniel Fejeran for CF71-11. The Court allowed counsels for the parties to submit additional information at their request before taking the matter under advisement.

---

[1] The Court set the matter for November 18, 2013, however, the parties stipulated for a later date since the assigned Assistant Attorney General was no longer on island. *See Stipulation & Order* (Nov. 22, 2013).

8. On September 5, 2013, Defendant filed his objection to the proposed restitution amount of $96,481.00.

9. The People filed their response to Defendant's opposition on November 26, 2013. Likewise, the People submitted additional supporting documentation from Dianne S.A. Bell on December 10, 2013.

10. The Court set its final Restitution Hearing relative to this case on December 16, 2013.

## CONCLUSIONS OF LAW:

"The Court shall require restitution in all cases wherein the offender has been convicted of a crime involving damage to property of the victim when the offender is or, given a fair opportunity to do so, will be able to pay the restitution." 9 GCA § 80.53 (2005). A defendant may be ordered to pay restitution for losses[2] to the victim so long as the restitution does not exceed the victim's loss resulting from the offense. *See* 9 GCA § 80.50 (2005). The losses evaluated for purposes of restitution should be losses caused by the conduct constituting the offense by the offender. *Id.* The guiding principle of restitution is to make the victim whole to the extent permitted by the statutory and constitutional scheme. *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 10, 160 P.3d 687, 689 (App.2007). With the case at bar, restitution is necessary because it would act as a deterrent and a correcting influence on the defendant. *See* 9 GCA §80.52 (b)(2). Furthermore, Defendant through his Plea Agreement, voluntarily agreed he would pay restitution. *Plea Agreement* at ¶ 8 (c).

*The conviction in this instant case is of a third degree felony which would ordinarily limit* the order of restitution to $5,000.00 as prescribed by 9 GCA § 80.50 (b). However, restitution awards in excess of the statutory ceiling are allowed under section 80.50 (e) but are limited up to double the amount equal to the loss to the victim. See *People v. Mallo*, 2008 Guam 23 ¶ 41.

---

[2] The term "loss" means the amount of value separated from the victim. 9 GCA §80.50(e).

Section 80.50(e) of Title 9 Guam Code Annotated allows a judge to order up to $10,000[3] in restitution without any findings, and to order a higher amount equal to the loss to the victim or gain to offender if the judge makes a finding as to the amount. *Id.* at ¶ 43.

In calculating the amount owed in restitution, the court needs only a reasonable determination of appropriate restitution. *U.S. v. Kearney*, 672 F.3d 81(1st Cir. 2012). Trial courts may use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole. *People v. Goulart*, 273 Cal. Rptr. 477, 483 (Cal. App. 4 Dist. 1990).

When read plainly, 9 GCA § 80.50 can be interpreted as governing restitution to the extent of losses incurred by victim caused by the conduct constituting the offense which Defendant is convicted.[4] "A person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding any higher amount equal to double the loss to the victim caused by the conduct constituting the offense by the offender." *Id.* "The law on statutory construction is well-settled. [I]f a statute is unambiguous, then judicial inquiry is complete." *People v. Quichocho*, 1997 Guam 13 ¶ 5 (citing *Rubin v. United States*, 449 U.S. 424 (1981).

A plain deconstruction shows that a person convicted of an offense must pay restitution to a victim. The amount the convicted person must pay is the amount of losses caused by the conduct constituting the offense. The offense referred to in "conduct constituting the offense" can only be referring to the "offense" which a person is convicted of in the beginning of this statute. There also must be a direct link between the loss for which restitution was ordered and the conduct for which defendant was convicted. *State v. Kenvin*, 2011 VT 123, ¶ 11 (Vt.

---

[3] The $10,000 ceiling applied to a 1st or 2nd Degree conviction, as referenced in *Mallo*, 2008 Guam 23.

[4] It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself…Absent clear legislative intent to the contrary, the plain meaning prevails. *Sumitomo Const., Ltd. v. Government of Guam* 2001 WL 1360135 Guam Terr., 2001.

Supreme Court 2011). The losses which victims can recover for must be the direct results of a defendant's crime. *Id.* at ¶ 13.

Because of the plain reading of the statute above, Defendant should only be responsible for those losses directly caused by his conduct for which he was convicted, Theft by Receiving Stolen Property (as a 3rd Degree Felony). "A person is guilty of *theft* if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed the property with intent to restore it to the owner." 9 GCA § 43.50 (a). In particular, Defendant pled to a third degree felony theft crime which Guam law defines as: Theft constitutes a felony of the third degree if the amount involved is less than One Thousand Five Hundred Dollars ($1,500.00) but exceeds Five hundred Dollars ($500.00) or if the property stolen is a firearm or motorized vehicle other than those set forth in Subsection (a) of this Section, or if the theft is through an unauthorized electrical connection[.]" 9 GCA § 43.20 (b).

In the instant case, the People submitted on behalf of Dianne S.A. Bell, a request for restitution in the amount of $96,481.00. The victim's restitution request far exceeds the amount authorized by 9 GCA § 80.50 (b). Title 9 GCA § 80.50 (e) grants the authority after a finding of loss to the victim that is higher than that enumerated in the breakdown provided under § 80.50. However, while the Plea Agreement represents said subsection, absent more information, the Court is not convinced to invoke subsection (e) of 80.50. Having reviewed the file and the information provided, specifically the Indictment, price quotes, and victims' statement with corresponding content price summary, the Court finds that Defendant Lee Blas is jointly and

severally liable to pay restitution in the amount of $1,500.00 as it only relates to a 37 inch television set.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant Lee John Blas to pay restitution in the amount of One Thousand Five Hundred Dollars ($1,500.00) for the loss (37 inch television) incurred to the Victim herein as he is jointly and severally liable to Dianne S.A. Bell.

A progress hearing is set for _7/14/14. @ 9a.m._

**SO ORDERED** this _11_ day of <u>APRIL</u>, 2014.

_[signature]_

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
_AG, Moots_

Date: _4/11/14_ Time: _4PM_

_[signature]_
Deputy Clerk, Superior Court of Guam